UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------

IN RE ANTHONY BRIAN MALLGREN,

**MEMORANDUM & ORDER**
13-CV-3622 (MKB)

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

On June 25, 2013, Anthony Brian Mallgren filed the above-captioned *pro se* action

seeking a fee-waiver for access to the Public Access to Court Electronic Records ("PACER")

system. Mallgren has multiple cases pending before this and other federal courts. His request to

proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted for the limited purpose of this

Order. As discussed below, the action is dismissed because this Court lacks subject matter

jurisdiction. Mallgren is again warned that the future filing of vexatious and frivolous litigation

may result in sanctions, including limitations on filing.

I. **Background**

Plaintiff's lengthy litigation history is recounted in this Court's March 11, 2014

Memorandum and Order in *Mallgren v. American Psychiatric Association, et al.*, No. 13-CV-

2211, slip op. (E.D.N.Y. Mar. 11, 2014) (dismissed for failure to state a claim). By Orders dated

May 2, 2013 in *Mallgren v. Motion Recruitment Partners Inc., et al.*, No. 13-CV-1054, *Mallgren*

*v. John Doe Corporation*, No. 13-CV-1265, and *Mallgren v. Bloomberg, et al.*, No. 13-CV-1466,

Plaintiff was warned that the future filing of vexatious and frivolous litigation may result in

sanctions, including the imposition of an injunction prohibiting him from making future filings

seeking *in forma pauperis* status without leave of the Court.

The instant action is styled as a "Petition" and names Mallgren as "Plaintiff/Petitioner."

No defendant or respondent is named. The only alleged basis for the Court's jurisdiction is "28

U.S.C. § 1331, Federal Question."  ("Pet." "I. Basis of Jurisdiction" ¶ 1.)  However, no federal question is presented.  Mallgren requests "an order granting an exemption of user fees for the Public Access to Court Electronic Records system retroactively backdated to January of 2013." (Pet. "II. Statement of Request" ¶ 1.)  He states that he has multiple pending litigation suits and that he "utilizes a daily scheduled scan of PACER."  (Pet. "III. Statement of Unreasonable Burdens" ¶¶ 1–2.)  He alleges that "it would cause unreasonable burdens if Mallgren were to be denied access to the system for reasons of cost."  (*Id.* ¶ 4.)  He further alleges that "[w]ithout this litigation facilitation system in fully functional order, Mallgren has little hope of keeping up with the pace of litigation that Mallgren has become enrolled in," (*id.* ¶ 5), and he has limited ability to pay for access himself, (*id.* ¶ 6; Pet. "IV. Promote Public Access to Such Information" ¶ 2).

Mallgren attaches two documents to his Petition: a list of Frequently Asked Questions from the PACER website and a personal email message from the PACER Service Center stating that "PACER fee exemptions may only be granted by the Chief Judge of a particular court." (Pet., Ex. 2.)

## II.  Discussion

### a.  Standard of Review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions."  *Id.*  In reviewing a *pro se* complaint, the court must be mindful that the Plaintiff's pleadings should be held "to less stringent standards than formal

pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks omitted); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the court must screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and, thereafter, "dismiss the complaint, or any portion of the complaint," if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A; *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Similarly, the court is required to dismiss *sua sponte* an *in forma pauperis* action, if the court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Abbas*, 480 F.3d at 639.

A plaintiff seeking to bring a lawsuit in federal court must establish that the Court has subject matter jurisdiction over the action. *See, e.g.*, *Monreal v. New York*, 518 F. App'x 11 (2d Cir. 2013) (affirming dismissal of *pro se* complaint for failure to establish subject matter jurisdiction); *Zito v. New York City Office of Payroll Admin.*, 514 F. App'x 26, 27 (2d Cir. 2013) (same); *Chestnut v. Wells Fargo Bank, N.A.*, No. 11-CV-5369, 2012 WL 1657362, at *3 (E.D.N.Y. May 7, 2012) ("Notwithstanding the liberal pleading standard afforded *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking."). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000) (citations omitted). Federal subject matter jurisdiction is available only when a "federal question" is presented, or when plaintiffs and defendants have complete

3

diversity of citizenship and the amount in controversy exceeds \$75,000.  28 U.S.C. § 1331 and

§ 1332.  In order to invoke federal question jurisdiction, a plaintiff's claims must arise "under the

Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

### b.  The Court Lacks Subject Matter Jurisdiction

The instant submission fails to assert any basis for this Court's subject matter jurisdiction.

Mallgren asserts federal question jurisdiction pursuant to 28 U.S.C. § 1331, but does not identify

any federal question.  His request for a fee waiver for access to PACER cannot serve as the basis

for a civil action.

### c.  Future Motions

Should Mallgren have cause to renew his request in connection with one of his pending

cases, the request would be considered in light of the fee schedule promulgated by the Judicial

Conference of the United States.  These policies are available from the PACER Service Center

and are also issued with the electronic and print versions of 28 U.S.C. §§ 1913, 1914, 1926,

1930, and 1932.  In order to allow a discretionary exemption from the established fee schedule, a

court must find: "That those seeking an exemption have demonstrated that an exemption is

necessary in order to avoid unreasonable burdens and to promote public access to information."

(Electronic Public Access Fee Schedule (Eff. 4/1/2013) (Issued in Accordance with 28 U.S.C.

§§ 1913, 1914, 1926, 1930, 1932)).  When warranted, "[t]he exemption should be granted for a

definite period of time, should be limited in scope, and may be revoked at the discretion of the

court granting the exemption."  (*Id.*)  The Judicial Conference Policy Notes warn that

"[e]xemptions should be granted as the exception, not the rule."  (*Id.*)  In order to request an

exemption in one of his pending cases, Mallgren must provide more than the conclusory claim

that the fee waiver is necessary to avoid "unreasonable burdens" to his "litigation system."[1]

### III.   Conclusion

The Complaint is dismissed for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(h)(3).  The Court renews its warning that the future filing of vexatious and frivolous litigation may result in sanctions, including the imposition of an injunction prohibiting him from making future filings seeking *in forma pauperis* status without leave of the Court.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

_____s/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated: March 12, 2014
       Brooklyn, New York

---

[1]  Mallgren's claim that he "has built a litigation system that utilizes a daily scheduled scan of PACER" does not demonstrate his entitlement to a fee waiver.  He should have received paper copies of all filings in the cases pending in this Court, and he can continue to access local documents in the Public Access terminals available in each federal courthouse.  The Court understands that Mallgren has at times during the litigation of his claim resided in the State of Washington and thus could only personally access the electronic documents from his E.D.N.Y. cases through the fee-enabled PACER system.  Should he establish that he has not received copies of documents in his E.D.N.Y. cases, the Court may entertain reasonable requests to provide additional copies.